MALANI L. KOTCHKA
Nevada Bar No. 283
HEJMANOWSKI & McCREA LLC
520 South Fourth Street, Suite 320
Las Vegas, NV 89101
Telephone: (702) 834-8777
Facsimile: (702) 834-5262
mlk@hmlawlv.com

*Attorneys for Defendant*
*The ACT 1 Group, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KENNETH PARTYKA, on behalf of himself and those similarly situated persons, | ) ) ) |
| Plaintiff, | ) ) **Case No.:** |
| v. | ) ) ) |
| THE ACT 1 GROUP, INC., a foreign corporation; DOES 1-10; AND ROE CORPORATIONS 11-20 INCLUSIVE, | ) ) **NOTICE OF REMOVAL OF CIVIL** ) **ACTION** ) ) ) |
| Defendant. | ) ) |

TO:   THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, PLAINTIFF KENNETH PARTYKA AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant The ACT 1 Group, Inc. ("Defendant") hereby removes this action from the Nevada Eighth Judicial District Court to the United States District Court for the District of Nevada pursuant to 28 U.S.C. sections 1331 and 1441 on the following grounds:

### Background and Procedural History

1.     On May 28, 2019, Plaintiff Kenneth Partyka ("Plaintiff") commenced the above-entitled civil action in the Nevada District Court of Clark County by filing a Complaint therein entitled *Kenneth Partyka, on behalf of himself and those similarly situated persons v. The ACT 1 Group, Inc., a foreign corporation; Does 1-to; and Roe Corporations 11-20 inclusive*, case no.

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

A-19-795628-C.  True and correct copies of the Summons and Complaint are attached hereto collectively as Exhibit A.

2.     Defendant is informed and believes that, on May 28, 2019, Plaintiff's filing of the Complaint caused the Nevada District Court of Clark County to automatically issue an assessment of $270.00 for Plaintiff's Initial Appearance Fee.  A true and correct copy of the Nevada District Court of Clark County's online Case Information Portal page for this case showing Plaintiff's Initial Appearance Fee Disclosure is attached hereto as Exhibit B.

3.     The Complaint was served on Defendant by personal delivery on CSC, Defendant's registered agent for service of process, on August 15, 2019. A true and correct copy of CSC's Notice of Service of Process is attached hereto as Exhibit C.

4.     To Defendant's knowledge, the documents attached as Exhibits A through C constitute all the state court pleadings, process, and orders to date.  This Notice of Removal is timely pursuant to 28 U.S.C. § 1446.

## Venue

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 108 and 1446.  Plaintiff filed his Complaint in the Nevada District Court of Clark County.

## This Action Presents A Removable Federal Question Under the FLSA

6.     Plaintiff brings this suit on behalf of himself and a proposed class of similarly situated persons, alleging claims under: (1) Federal Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* for alleged failure to pay overtime compensation for each hour worked; (2) Nevada Revised Statutes ("NRS") § 608.018 for alleged failure to pay overtime compensation for each hour worked and misclassification as salaried workers exempt from overtime payments; and (3) NRS 608.030 for alleged failure to pay final wages, including unpaid overtime wages, when due within 3 days of alleged termination.  (Complaint ¶¶ 34, 48, 51).

7.     Plaintiff seeks for himself and his proposed class of similarly situated persons, among other things, recovery of unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 201 *et seq.* and

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

Page 2 of 5

Nevada Law, and a statutory penalty pursuant to NRS 608.040 (Complaint ¶¶ 44, 49, 52; *see also* Complaint at Demand for Judgment for Relief).

8.      Defendant denies that Plaintiff is entitled to any of the relief requested by way of the Complaint, and contends that Plaintiff was properly classified as a salaried employee exempt from overtime payments under all applicable laws, including the FLSA.  Pursuant to 29 U.S.C. § 216(b), an action to recover the liability prescribed therein may be maintained in any Federal or State court of competent jurisdiction.  Accordingly, this action raises Federal claims which are removable to Federal court and properly removed to the United States District Court for the District of Nevada.

<strong><u>Removal Is Timely</u></strong>

9.      This Notice of Removal is timely.   Under 28 U.S.C. 1446(b), the notice of removal of a civil action must be filed within thirty (30) days of service of the Summons and Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* (1999) 526 U.S. 344, 356 [the 30-day removal period runs from the service of the summons and complaint].

10.      On August 15, 2019, Plaintiff served Defendant's agent for service of process with the Summons and Complaint. *See* ¶ 3, *supra*.  This matter is being removed within 30 days of that service of the Summons and Complaint.  The Notice of Removal is timely as a matter of law.

<strong><u>Notice of Removal</u></strong>

11.      Contemporaneous with the filing of this Notice of Removal with this Court, Defendant will serve this Notice of Removal on Plaintiff's counsel of record.

/ / /

/ / /

/ / /

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

1     12.     Defendant will also file a copy of this Notice of Removal with the Clerk of the

2     Nevada District Court of Clark County.

3                                           Respectfully submitted,

4                                           HEJMANOWSKI & McCREA LLC

5

6                                    By:    /s/  Malani L. Kotchka

7                                           Malani L. Kotchka
                                            Nevada Bar No. 283
8                                           520 South Fourth Street, Suite 320
                                            Las Vegas, NV  89101
9
                                            *Attorneys for Defendant*
10                                          *The ACT 1 Group, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

Page 4 of 5

1

## CERTIFICATE OF SERVICE

2

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE**

3

**OF REMOVAL OF CIVIL ACTION** was mailed in a first class, postage paid envelope on this

4

13th day of September, 2019 to the following:

5

6
James P. Kemp, Esq.
Victoria L. Neal, Esq.

7
Kemp & Kemp
7435 W. Azure Drive, Suite 110

8
Las Vegas, NV 89130
jp@kemp-attorneys.com
vneal@kemp-attorneys.com

9

10
*Attorney for Plaintiff*

11

An employee of Hejmanowski & McCrea LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HEJMANOWSKI &
McCREA LLC
ATTORNEYS AT LAW
520 SOUTH FOURTH ST.
SUITE 320
LAS VEGAS,
NEVADA 89101
(702) 834-8777

Page 5 of 5

# EXHIBIT A

# EXHIBIT A

SUMM

# DISTRICT COURT
## CLARK COUNTY, NEVADA

KENNETH PARTYKA, on behalf of
himself and those similarly situated
persons,

           Plaintiffs,

vs.

THE ACT 1 GROUP, INC., a foreign
corporation; DOES 1-10; AND ROE
CORPORATIONS 11-20 INCLUSIVE

           Defendants.

Case No.: A-19-795628-C

Dept. No. II

**SUMMONS**

NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD
UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.

TO THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth
in the Complaint.

### THE ACT 1 GROUP, INC., a foreign corporation;

1.  If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of
    service, you must do the following:
    (a)  File with the Clerk of this Court, whose address is shown below, a formal written response to the
    Complaint in accordance with the rules of the Court, with the appropriate filing fee.
    (b)  Serve a copy of your response upon the attorney whose name and address is shown below.

2.  Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a
    judgment against you for the relief demanded in the Complaint, which could result in the taking of money or
    property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your
    response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission
    members and legislators, each have 45 days after service of this Summons within which to file an answer or
    other responsive pleading to the Complaint.

Submitted by:

VICTORIA L. NEAL, ESQ.
Nevada Bar No. 13382
KEMP & KEMP
7435 W. Azure Drive, Suite 110
Las Vegas, Nevada 89130
(702) 258-1183
Attorney for Plaintiff

STEVEN D. GRIERSON
CLERK OF THE COURT

CLERK OF COURT

By_____    MAY 2 9 2019

    Deputy Clerk        Date

MARIE KRAMER

NOTE: When service is by publication, add a brief statement of the object of the action.
    See Rules of Civil Procedure 4(b).

STATE OF _____ )
                          )ss:                          AFFIDAVIT OF SERVICE
COUNTY OF_____ )

_____, being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____

on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

### (Affiant must complete the appropriate paragraph)

1.   Delivering and leaving a copy with the Defendant _____at (state address) _____
     _____

2.   Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (state address) _____.

### (Use paragraph 3 for service upon agent, completing A or B)

3.   Serving the Defendant _____by personally delivering and leaving a copy at (state address) _____
     _____

     a.   With _____ as _____ , an agent lawfully designated by statute to accept service of process;
     b.   With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.   Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

                    _____ Ordinary mail
                    _____ Certified mail, return receipt requested
                    _____ Registered mail, return receipt requested

     addressed to the Defendant _____ at Defendant's last known address which is (state address) _____.

COMPLETE ONE OF THE FOLLOWING:

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is true and correct."

                                        _____
                                        Signature of person making service

(b)   If executed outside of this state, "I declare under penalty of perjury under the law of the State of Nevada that the foregoing is true and correct."

                                        _____
                                        Signature of person making service

Electronically Filed
5/28/2019 8:44 PM
Steven D. Grierson
CLERK OF THE COURT

1  JAMES P. KEMP, ESQ.
2  Nevada Bar No: 6375
   VICTORIA L. NEAL, ESQ.
3  Nevada Bar No.: 13382
   KEMP & KEMP
4  7435 W. Azure Drive, Ste 110
   Las Vegas, NV 89130
5  702-258-1183 ph./702-258-6983 fax
6  jp@kemp-attorneys.com
   vneal@kemp-attorneys.com
7

*Attorneys for Plaintiffs*

CASE NO: A-19-795628-C
Department 2

DISTRICT COURT

CLARK COUNTY, NEVADA

KENNETH PARTYKA, on behalf of
himself and those similarly situated
persons,

Case No.:
Dept.:

                          Plaintiffs,

vs.

THE ACT 1 GROUP, INC., a foreign
corporation; DOES 1-10; AND ROE
CORPORATIONS 11-20 INCLUSIVE

                          Defendants.

**COMPLAINT**

**Arbitration Exemption: Class Action**

**JURY TRIAL DEMANDED**

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

COMES NOW Plaintiff KENNETH PARTYKA, an individual ("Partyka" or
"Plaintiff"), on behalf of himself and all other persons similarly situated, and hereby alleges and
complains against THE ACT 1 GROUP, INC. as follows:

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and
Nevada state law for Defendant's failure to pay lawful wages to Plaintiffs. Plaintiffs customarily
worked for Defendant but were not paid all of their lawful wages for time worked, including but not

1

limited to, failure to pay Plaintiffs a lawful wage for each hour worked over forty hours per week and/or over eight hours per day. Defendant's unlawful compensation practice has had the effect of denying Plaintiffs their earned wages including but not limited to owed overtime wages during period of employment for Plaintiffs and during the relevant statutory time periods.

2.   The claims are in excess of $15,000, or otherwise over the jurisdictional limit of Justice Court.

3.   Plaintiffs herein demand a jury trial on all issues triable by jury. Plaintiffs bring this action both, as a collective action per 29 U.S.C. §216(b), and as a class action as per NRCP Rule 23.

**THE PARTIES**

4.   Plaintiff KENNETH PARTYKA, (hereinafter "Plaintiff" or "Plaintiff Partyka" ) is a natural person who was a resident of the State of Nevada at all relevant times herein and was employed by Defendant as a non-exempt hourly employee from on or about February 1, 2015 until Defendant terminated his employment on or about November 30, 2018.  He has agreed to and has brought this action on behalf of himself and as a competent class representative for all those similarly situated as set forth herein.

5.   Plaintiffs are informed and believe, and thereon allege that at all times relevant, the named corporate Defendant THE ACT 1 GROUP, INC. (hereinafter "Defendant" or "Defendant The Act 1 Group, Inc.") was organized under the laws of the State of Delaware, authorized to do business in Nevada by the Secretary of State, operates a local office in Las Vegas, Nevada, and has its principal place of business in Torrance, California within the County of Los Angeles. Defendant is licensed to do business in this jurisdiction, and is an enterprise as that term is defined in Section 3(r)(1) of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA"). More specifically, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section

2

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

3(s)(1)(A) of the FLSA, in that Defendant has engaged in annual gross volume of sales made or business done in excess of the $500,000.00 minimum threshold requirement of the FLSA, exclusive of excise taxes. §201 *et. seq.*

6.  At all times relevant, Defendant THE ACT 1 GROUP, INC. was Plaintiffs' employer as such term is defined in the FLSA 29 U.S.C. §203 *et. seq.,* the Nevada Constitution, and N.R.S. Chapter 608 *et. seq.* in that it had custody or control over the Plaintiffs, their employment, and had responsibility for Plaintiffs' labor and employment matters while Plaintiffs were employed by it at the time Plaintiffs' wages were lawfully due.

7.  At all times relevant, any or all other Defendants were and/or are Plaintiffs' employers as such term is defined in the FLSA 29 U.S.C. §203 *et. seq.* in that they had custody or control over Plaintiffs, their employment, and had responsibility for Plaintiffs' labor and employment matters while Plaintiffs were employed by them at the time Plaintiffs' wages were lawfully due.

8.  At all times relevant, Plaintiffs were employees of Defendants as that term is defined 29 U.S.C. §203 *et. seq.,* and Plaintiffs were not exempt from any minimum wages and overtime provisions of such statutes.

9.  There are numerous persons who are similarly situated to the named Plaintiff in respect to the named Plaintiff's claims under Nevada law in that such similarly situated persons were employed in the State of Nevada by Defendants, and when so employed were deprived by Defendants of wages and/or other monies they should have received from Defendants as a matter of Nevada law and/or that were not properly paid by Defendants in violation of Nevada law as detailed hereafter. Such circumstances warrant the granting of class certification on such claims of Plaintiff and the class members pursuant to Nevada Rule of Civil Procedure 23.

10. Plaintiffs do not know the true names or capacities of Defendants sued herein as Does 1-X

3

or Roe Corporations XI-XX inclusive and will seek leave to amend this Complaint to correctly designate those parties as soon as their correct names and capacities as they are ascertained. Plaintiffs are informed and believe and thereupon allege that each of said Defendants was in some manner legally responsible for the unlawful actions set forth herein action as Plaintiffs' employer. Plaintiffs herein demand a jury on all issues triable by jury.

11. Plaintiff Partyka hereby files notice of his consent to joinder.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §216(b) which states in relevant part that this action may be maintained in any Federal or State court of competent jurisdiction.

13. All of the various violations of law that are alleged herein were committed intentionally and/or willfully by Defendants.

## CLASS ACTION AND REPRESENTATIVE ALLEGATIONS

14. The Plaintiff Partyka brings this action on his own behalf, on the behalf of those of the class of all persons similarly situation, and on behalf of the general public.

15. With respect to the Nevada statutory claims set forth in this Complaint, Plaintiff Partyka brings this action as a class action pursuant to NRCP 23 on behalf of himself and a class of all similarly situated persons employed by Defendants in the State of Nevada.

16. A class action of Plaintiffs pursuant to NRCP 23 is superior to other available methods for the fair and efficient adjudication of the plaintiff class members' claims under Nevada law and class certification under NRCP Rule 23 is sought, and should be granted, on each claim for relief set forth in this Complaint.

17. Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), Plaintiff Partyka

4

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

brings this Complaint as a collective action (also commonly referred to as an "opt-in" class), on behalf of himself and all persons similarly situated, to wit a putative class of recruiters in the State of Nevada within three (3) years of the filing of this Complaint until entry of judgment after trial, except those persons who have previously released or settled their claims for the unpaid overtime wages that are alleged in this Complaint.

18. Plaintiff Partyka is informed and believes, and based thereon alleges that there are at least 90 putative class and collective action members. The actual number of class and collective action members is readily ascertainable by a review of Defendant's records through appropriate discovery.

19. The number of class members is so numerous that joinder is impracticable and would involve many individual litigations. Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

20. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole.

21. Proof of a common or single set of facts will establish the right of each member of the class to recover. These common questions of law and fact predominate over questions that affect only individual class members. The Plaintiff Partyka's claims are typical of those of the class.

22. A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action. This type of case is uniquely well-suited for class or collective treatment since the Defendant's practices were uniform and the burden is on the employer to establish that its method for compensating the class members complies with the requirements of the FLSA and Nevada law.

23. Plaintiff Partyka will fairly and adequately represent the interests of the class and has no

5

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

interests that conflict with or are antagonistic to the interests of the class.

24. Plaintiff Partyka and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

25. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

## GENERAL ALLEGATIONS

26. On or about February 1, 2015, Plaintiff Partyka was hired and began work for Defendant. Plaintiff worked as a Talent Recruiter which included the job duties of sourcing candidates for openings at various facilities, screening candidates for skillset, availability, salary requirements and interest, presenting candidates to hiring managers, extract feedback from hiring managers, create offer letter for candidates managers wanted to hire and extend offers to approved candidates.

27. Plaintiff Partyka was a non-exempt employee earning at least $37.23 per hour, maybe more when any raises he received near the end of his employment are considered.

28. Defendant routinely instructed and required Plaintiff Partyka to work in excess of forty hours per week and/or eight hours per day. For instance, for the week of May 13, 2018 - May 19, 2018, Plaintiff Partyka worked 12.25 hours above 40 hours. Defendant was aware of the overtime hours he was working. Defendant did not pay Plaintiff for the overtime hours worked.

29. Pursuant to 29 U.S.C. §207, Plaintiff Partyka was entitled to be compensated at a rate of one and one-half times a regular hourly rate of pay for all time worked in excess of forty hours in individual workweeks.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6883

6

30. Defendant did not compensate Plaintiff Partyka at a rate of one and one-half times his regular hourly rate of pay for any time worked in excess of forty (40) hours in individual workweeks and/or Defendant did not pay Plaintiff Partyka for all hours worked. Instead, Defendant paid Plaintiff Partyka his regular salary rate for all hours worked, including hours worked in excess of forty hours in individual work weeks.

31. Upon information and belief, Defendant failed to keep or maintain true, correct, actual, and lawful records of Plaintiff Partyka's hours worked and as such, Plaintiff Partyka herein alleges that Plaintiff Partyka and members of his class were not appropriately paid such lawful wages.

32. Where appropriate and pertinent herein all references to "Defendant" shall likewise apply to the plural of all "Defendants." Also all references to "Plaintiff" or "Plaintiff Partyka" shall where necessary be construed to apply to all class members.

### FIRST CLAIM

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
AGAINST ALL DEFENDANT ON BEHALF OF THE NAMED PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED**

33. Plaintiff Partyka re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. This count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201 *et. seq.* for its failure to pay Plaintiff overtime compensation for each hour worked.

35. At all material times hereto, Plaintiffs were employed by Defendant as an "employee" within the meaning of §203(e)(1) of the FLSA. Plaintiff performed a variety of job duties, labor, services and responsibilities for Defendant within this judicial district that are subject to the aforesaid provisions of the FLSA.

7

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

36. Plaintiff Partyka performed a variety of job duties and responsibilities as that of a Talent Recruiter for Defendant within this judicial district.

37. Plaintiff Partyka had been an employee of Defendant during the time period pertinent to this Complaint.

38. At all material times hereto, Defendant was Plaintiff Partyka's employer per the FLSA, 29, U.S.C. §203(d). Plaintiff Partyka was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207 *et. seq.*

39. Pursuant to 29 U.S.C. §207, Plaintiff Partyka and those similarly situated to Plaintiff were entitled to be compensated at a rate of one and one half times a base hourly pay rate for each hour worked in excess of forty hours per week.

40. Plaintiff Partyka was directed by Defendant to work in excess of forty hours per week.

41. At all times relevant, and during the course of his employment for Defendant, Defendant did not compensate Plaintiff and the FLSA Collective Action Class at a rate of one and one-half times their regularly hourly rate for pay for all time worked in excess of forty (40) hours in individual workweeks. For example, Defendant failed to pay Plaintiff Partyka overtime wages for the week of for the week of May 13, 2018 – May in which Plaintiff Partyka worked 12.25 hours in excess of forty hours.

42. Defendant's failure to pay overtime premium wages to Plaintiff Partyka and the FLSA Collective Action Class is a violation of the FLSA, 29 U.S.C. §§ 201 *et seq.* and its implementing regulations.

43. Defendant's failure to pay proper wages to Plaintiff Partyka and the FLSA Collective Action Class for each hour worked more than 40 per week was willful within the meaning of the FLSA.

8

44. As a result of Defendant's violations of the FLSA, Plaintiff Partyka and the FLSA Collective Action Class have suffered damages by being denied overtime wages in accordance with the FLSA, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq*.

45. Plaintiff Partyka brings this claim for relief pursuant to 29 U.S.C.§ 216(b) and has consented in writing to join this action.

<u>SECOND CLAIM</u>

**VIOLATIONS OF NEVADA REVISED STATUTES § 608.018
AGAINST DEFENDANT ON BEHALF OF THE NAMED PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED**

46. Plaintiff Partyka re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Plaintiff Partyka brings this Second Claim for Relief against Defendant pursuant to NRS § 608.018 on behalf of himself and a class of all similarly situated employees of Defendant.

48. Pursuant to NRS § 608.018, Plaintiff Partyka and the putative class members were entitled to the payment of wages at time and one-half their normal hourly rate when they worked in excess of 40 hours a week, and Plaintiff Partyka was not paid such required wages. Defendant also misclassified Plaintiff Partyka and the class members as salaried workers exempt from overtime payments.

49. Plaintiff Partyka on behalf of himself and the class members, seek, on this Second Claim for Relief, a judgment against Defendant for overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to Plaintiff Partyka, and also seeks an award of attorney's fees, interest and costs, as provided for by Nevada Law.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ● Fax (702) 258-6983

9

## THIRD CLAIM

### VIOLATIONS OF NEVADA REVISED STATUTES § 608.040
### AGAINST THE DEFENDANT ON BEHALF OF THE NAMED PLAINTIFF
### AND ALL OTHERS SIMILARLY SITUATED

50. Plaintiff repeats each and every allegation previously made herein and incorporate the same into this claim for relief.

51. Defendants failed and neglected to timely pay the Plaintiff hid final wages in accordance with NRS 608.030 in that they failed to pay to Plaintiff Partyka his final wages, including unpaid overtime wages, when due to Plaintiff Partyka within 3 days of his termination. Indeed his final pay to include unpaid overtime wages remains due and owing to this day.

52. Defendant is liable to Plaintiff Partyka for the statutory penalty provided in NRS 608.040

53. Plaintiff Partyka calculates this penalty at $9,680.71 ($322.69 x 30 days) based upon his regular rate of pay at the time of his termination.

54. Plaintiff Partyka has been forced to expend costs and incur fees to hire an attorney to pursue his rights under the law.

### DEMAND FOR JUDGMENT FOR RELIEF

Wherefore, Plaintiff demands a judgment on all claims for the damages and equitable relief including, but not limited to:

A.  All applicable relief provided for under 29 U.S.C. § 216 (b) including, but not limited to:

    1.  Money damages for unpaid overtime, wages, salary, employment benefits, or other compensation denied or lost due to the violations of law by Defendant;

    2.  An additional amount as liquidated damages equal to the sum of the amount of damages awarded for overtime compensation denied or lost due to the violation of FLSA by Defendant in accordance with 29 U.S.C. § 216;

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6883

3.  Interest on the amounts awarded under 1 and 2 above at the prevailing rate;

4.  For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;

5.  Equitable relief as may be appropriate;

6.  Reasonable attorney's fees, reasonable expert witness fees, and other costs of the action;

B.  All applicable remedies for Defendant's violation of NRS 608.018 failure to pay overtime.

C.  Pre-judgment and Post-judgment interest on all applicable sums due.

D.  Money damages for Plaintiff Partyka's unpaid final wages and the statutory penalty of thirty (30) day's pay at Plaintiff Partyka's regular rate of pay in accordance with NRS 608.040.

E.  For attorney fees and costs pursuant to applicable law.

F.  For trial by jury on all issues that may be tried to by a jury.

G.  For such other and further relief as the Court may deem just and proper.

Dated this ___28TH_____ day of May, 2019.

                                    /s/ James P. Kemp
                            JAMES P. KEMP, ESQ.
                            Nevada Bar No: 6375
                            VICTORIA L. NEAL, ESQ.
                            Nevada Bar No.: 13382
                            KEMP & KEMP
                            7435 W. Azure Drive, Ste 110
                            Las Vegas, NV  89130

                            *Attorneys for Plaintiffs*

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 255-1183 • Fax (702) 258-6983

11

# EXHIBIT B

# EXHIBIT B

# Case Information

A-19-795628-C | Kenneth Partyka, Plaintiff(s) vs. Act 1 Group, Inc.,
Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-19-795628-C | Department 2 | Scotti, Richard F. |
| File Date | Case Type | Case Status |
| 05/28/2019 | Employment Contract | Open |

# Party

Plaintiff
Partyka, Kenneth

Active Attorneys ▾
Lead Attorney
Kemp, James P.
Retained

Attorney
Neal, Victoria L.
Retained

Defendant
Act 1 Group, Inc.

# Events and Hearings

05/28/2019 Complaint With Jury Demand ▼

    Comment
    Complaint

05/28/2019 Initial Appearance Fee Disclosure ▼

    Comment
    Initial Appearance Fee Disclosure

## Financial

Partyka, Kenneth

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $270.00 |
| Total Payments and Credits | | | | $270.00 |
| 5/28/2019 | Transaction Assessment | | | $270.00 |
| 5/28/2019 | Efile Payment | Receipt # 2019-32465-CCCLK | Partyka, Kenneth | ($270.00) |

# EXHIBIT C

# EXHIBIT C



# CSC

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 20256620**
**Date Processed: 08/17/2019**

| | |
|---|---|
| Primary Contact: | Kenneth P. Roberts<br>K. P. Roberts & Associates, A Professional Law Corporation<br>6355 Topanga Canyon Blvd<br>Ste 403<br>Woodland Hills, CA 91367-2144 |
| Electronic copy provided to: | Cindy Hoffman<br>Elizabeth Duong |

| | |
|---|---|
| Entity: | The ACT 1 Group, Inc.<br>Entity ID Number  2207158 |
| Entity Served: | The Act 1 Group, Inc. |
| Title of Action: | Kenneth Partyka vs. The Act 1 Group, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Clark County District Court, NV |
| Case/Reference No: | A-19-795628-C |
| Jurisdiction Served: | Nevada |
| Date Served on CSC: | 08/15/2019 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | James P. Kemp<br>702-258-1183 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com